JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Karim-Seidou, Salissou

**DEFENDANTS**
Dianon Systems, Inc.

(b) County of Residence of First Listed Plaintiff: Fairfield
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fairfield
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Goldstein and Peck, P.C., 1087 Broad Street, Bridgeport, CT 06604, (203) 334-9421, Andrew M. McPherson, Esq.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 as amended, 42 USC 2000e, et seq

Brief description of cause:
Employment discrimination on the basis of race and national origin

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 7/18/2014

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| Salissou Karim-Seidou<br>*Plaintiff(s)*<br>v.<br>Dianon Systems, Inc.<br>*Defendant(s)* | ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Dianon Systems, Inc. c/o agent for service: Corporate Service Company, 50 Weston Street, Hartford, CT 06120-1537

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Andrew M. McPherson, Esq., Goldstein and Peck, P.C., 1087 Broad Street,Bridgeport, CT 06604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________
*Signature of Clerk or Deputy Clerk*

## PROOF OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me | Date: July 21, 2014 |
| Name of Server: Charles J. Lilley | Title: Connecticut State Marshal |

Then and by virtue hereof, on the 21st day of July, 2014, I made due and legal service on the within named Defendant, **DIANON SYSTEMS, INC.**, by leaving a verified true and attested copy of the original, **Summons, Federal Civil Cover Sheet, Complaint and Prayer For Relief,** with and in the hands of Michele Taylor, Special Assistant for Corporation Service Company, Agent For Service for said Defendant, at 50 Weston Street, in the City of Hartford.

### STATEMENT OF SERVICE FEES

| | | |
|---|---|---|
| Travel $ 2.00 | Services $ 42.20 | Total $ 44.20 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on July 18, 2014

Charles J. Lilley – State Marshal
39 Russ Street
Hartford, CT 06106

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALISSOU KARIM-SEIDOU | : | CIVIL ACTION NO. |
| | : | JURY TRIAL REQUESTED |
| v. | : | NO. ____________ |
| DIANON SYSTEMS, INC. | : | JULY 18, 2014 |

**COMPLAINT**

1. Plaintiff, Salissou Karim-Seidou, brings this action against Dianon Systems, Inc.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race and national origin Jurisdiction is conferred on this Court pursuant to 41 U.S.C. § 2000e5(f), Sections 1331 and 1367(a) of Title 28 of the United States Code.

3. Plaintiff has complied with all procedural prerequisites to suit, having filed timely complaints with the United States Equal Employment Opportunity Commission and the Commission on Human Rights and Opportunities and having received a notice of right to sue letter in EEOC Case Number 16A-2013-00029 dated June 6, 2014.

4. On or about October 17, 2005, Plaintiff was hired by the Defendant as a Histotechnolgist. Plaintiff's duties for the Defendant included sectioning and mounting human tissue specimens onto slides and then drying them and staining them and submitting them to doctors for microscopy diagnosis.

5. Plaintiff worked in the Defendant's laboratory initially located at 200 Watson Boulevard, Stratford, Connecticut and relocated to 1 Forest Parkway, Shelton, Connecticut.

6. Susan Cowan was the manager of the Defendant's laboratory in which Plaintiff worked.

7. Aradhana Singh was Plaintiff's direct supervisor and Ms. Singh replaced Ms. Cowan as the manager of the Defendant's laboratory.

8. At all relevant times, Thomas Schofield was the Field Operations Manager of the Laboratory and Laura LaCascia was the Human Resources Manager.

<u>**COUNT ONE:**</u>

9. Paragraphs 1 through 8 are repeated and re-alleged in this First Count.

10. Defendant unlawfully discriminated against Plaintiff because of his race and national origin in that:

   a. Plaintiff was enrolled in Albertus Magnus College Business Administration and Leadership Program which was approved by David Morgan who was replaced by Mr. Schofield in 2010;
   b. Mr. Schofield told Plaintiff that he doubted Plaintiff's ability as a black African to obtain good grades in college and compared Plaintiff to fellow co-workers who are white and native African-Americans;
   c. Mr. Schofield called Plaintiff a liar on several occasions;
   d. Mr. Schofield told Plaintiff to drop out of the Business Administration Program because of his race and national origin;
   e. Mr. Schofield told Plaintiff that he would never fit in a business management position because of his race and national origin;
   f. Mr. Schofield told Plaintiff that he would never be offered a business management position regardless of Plaintiff's education;

g. Mr. Schofield harassed Plaintiff questioning the appropriateness of Plaintiff's business attire, repeatedly followed Plaintiff and called Plaintiff a liar;

h. Requiring Plaintiff to repeatedly submit forms for tuition reimbursement when other employees were not required to do so;

i. Mr. Schofield threatened Plaintiff during meetings;

j. Ultimately, Defendant forced Plaintiff to withdraw from the Business Program;

k. Defendant terminated Plaintiff on June 15, 2012.

11. Plaintiff has suffered damages because of Defendant's actions.

**COUNT TWO:**

12. Paragraphs 1 through 11 are repeated and re-alleged in this Second Count.

13. Defendant intended to inflict emotional distress or should have known that emotional distress was likely to result from Mr. Schofield's extreme and outrageous conduct which included:

a. Plaintiff was enrolled in Albertus Magnus College Business Administration and Leadership Program which was approved by David Morgan who was replaced by Mr. Schofield in 2010;

b. Mr. Schofield told Plaintiff that he doubted Plaintiff's ability as a black African to obtain good grades in college and compared Plaintiff to fellow co-workers who are white and native African-Americans;

c. Mr. Schofield called Plaintiff a liar on several occasions;

d. Mr. Schofield told Plaintiff to drop out of the Business Administration Program because of his race and national origin;

e. Mr. Schofield told Plaintiff that he would never fit in a business management position because of his race and national origin;

f. Mr. Schofield told Plaintiff that he would never be offered a business management position regardless of Plaintiff's education;

g. Mr. Schofield harassed Plaintiff questioning the appropriateness of Plaintiff's business attire, repeatedly followed Plaintiff and called Plaintiff a liar;

h. Requiring Plaintiff to repeatedly submit forms for tuition reimbursement when other employees were not required to do so;

i. Mr. Schofield threatened Plaintiff during meetings;

j. Ultimately, Defendant forced Plaintiff to withdraw from the Business Program;

k. Defendant terminated Plaintiff on June 15, 2012.

14. As a result of Defendant's conduct, Plaintiff suffered severe emotional distress.

**<u>COUNT THREE</u>**

15. Paragraphs 1 through 14 are repeated and re-alleged in this Third Count.

16. Defendant was aware or should have been aware of problems with Mr. Schofield that indicated his unfitness as an employee and the Defendant failed to take further appropriate action related to Mr. Schofield's unfitness despite the fact that Defendant knew or should have known Mr. Schofield's propensity for tortious conduct would cause the injury because of Mr. Schofield many tortious public actions including:

a. Mr. Schofield told Plaintiff that he doubted Plaintiff's ability as a black African to obtain good grades in college and compared Plaintiff to fellow co-workers who are white and native African-Americans;

b. Mr. Schofield called Plaintiff a liar on several occasions;

c. Mr. Schofield told Plaintiff to drop out of the Business Administration Program because of his race and national origin;

d. Mr. Schofield told Plaintiff that he would never fit in a business management position because of his race and national origin;

e. Mr. Schofield told Plaintiff that he would never be offered a business management position regardless of Plaintiff's education;

f. Mr. Schofield harassed Plaintiff questioning the appropriateness of Plaintiff's business attire, repeatedly following Plaintiff and calling Plaintiff a liar;

g. Requiring Plaintiff to repeatedly submit forms for tuition reimbursement when other employees were not required to do so;

h. Mr. Schofield threatened Plaintiff during meetings;

i. Ultimately, Defendant forced Plaintiff to withdraw from the Business Program;

j. Defendant terminated Plaintiff on June 15, 2012.

17. As a result of Defendant's conduct, Plaintiff suffered damages.

**<u>COUNT FOUR</u>**

18. Paragraphs 1 through 17 are repeated and re-alleged in this Fourth Count.

19. Defendant had a duty to supervise Mr. Schofield but the Defendant failed to supervise Mr. Schofield and the Defendant knew or should have known Mr. Schofield would cause the injury without proper supervision because of Mr. Schofield's many public actions including:

a. Mr. Schofield told Plaintiff that he doubted Plaintiff's ability as a black African to obtain good grades in college and compared Plaintiff to fellow co-workers who are white and native African-Americans;
b. Mr. Schofield called Plaintiff a liar on several occasions;
c. Mr. Schofield told Plaintiff to drop out of the Business Administration Program because of his race and national origin;
d. Mr. Schofield told Plaintiff that he would never fit in a business management position because of his race and national origin;
e. Mr. Schofield told Plaintiff that he would never be offered a business management position regardless of Plaintiff's education;
f. Mr. Schofield harassed Plaintiff questioning the appropriateness of Plaintiff's business attire, repeatedly following Plaintiff and calling Plaintiff a liar;
g. Requiring Plaintiff to repeatedly submit forms for tuition reimbursement when other employees were not required to do so;
h. Mr. Schofield threatened Plaintiff during meetings;
i. Ultimately, Defendant forced Plaintiff to withdraw from the Business Program;
j. Defendant terminated Plaintiff on June 15, 2012.

20. As a result of Defendant's conduct, Plaintiff suffered damages.

**COUNT FIVE**

21. Paragraphs 1 through 16 are repeated and re-alleged in this Fifth Count.

22. Defendant violated Connecticut General Statutes §46a-60(a)(1) discriminating against Plaintiff because of his race and national origin and Defendant knew or should have known of Mr. Panagiotidis's public conduct which included:

a. Mr. Schofield told Plaintiff that he doubted Plaintiff's ability as a black African to obtain good grades in college and compared Plaintiff to fellow co-workers who are white and native African-Americans;

b. Mr. Schofield called Plaintiff a liar on several occasions;

c. Mr. Schofield told Plaintiff to drop out of the Business Administration Program because of his race and national origin;

d. Mr. Schofield told Plaintiff that he would never fit in a business management position because of his race and national origin;

e. Mr. Schofield told Plaintiff that he would never be offered a business management position regardless of Plaintiff's education;

f. Mr. Schofield harassed Plaintiff questioning the appropriateness of Plaintiff's business attire, repeatedly following Plaintiff and calling Plaintiff a liar;

g. Requiring Plaintiff to repeatedly submit forms for tuition reimbursement when other employees were not required to do so;

h. Mr. Schofield threatened Plaintiff during meetings;

i. Ultimately, Defendant forced Plaintiff to withdraw from the Business Program;

j. Defendant terminated Plaintiff on June 15, 2012.

23. Defendant failed to take prompt remedial action related to Mr. Schofield's conduct.

24. As a result of Defendant's actions, Plaintiff has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for relief as follows:

1. with respect to all claims for relief, judgment awarding Plaintiff back pay, front pay, damages for emotional distress, compensatory damages, and punitive damages;

2. with respect to all claims for relief, an award to Plaintiff of her attorney's fees and costs;

3. such other and further relief as the Court may deem appropriate.

THE PLAINTIFF
SALISSOU KARIM-SEIDOU

By:____________________________

Andrew M. McPherson
Goldstein and Peck, P.C.
1087 Bridgeport, CT 06604
Phone: (203) 334-9421
Fax: (203) 334-6949
Federal bar No. ct27862